## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC.<br>40 West 20th Street<br>New York, NY  10011<br><br>                              Plaintiff,<br><br>                   v.<br><br>EILEEN SOBECK, in her official capacity<br>as Assistant Administrator for Fisheries,<br>National Marine Fisheries Service<br>1315 East-West Highway<br>Silver Spring, MD  20910<br><br>NATIONAL MARINE FISHERIES SERVICE<br>1315 East-West Highway<br>Silver Spring, MD  20910<br><br>PENNY PRITZKER, in her official capacity<br>as Secretary of Commerce,<br>United States Department of Commerce<br>1401 Constitution Avenue, NW<br>Washington, DC  20230<br><br>UNITED STATES DEPARTMENT<br>OF COMMERCE<br>1401 Constitution Avenue, NW<br>Washington, DC  20230<br><br>                              Defendants. | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1.     The Endangered Species Act requires the Secretary of Commerce, the United

States Department of Commerce, the National Marine Fisheries Service ("NMFS"), and the

Assistant Administrator for Fisheries (collectively "Defendants") to issue a 12-month finding on the Natural Resources Defense Council's ("NRDC") petition to list the Gulf of Mexico Bryde's whale (*Balaenoptera edeni*) as endangered under the Endangered Species Act ("ESA"), 16 U.S.C. § 1531, *et seq*, within a year of receiving the petition. NRDC filed its petition for listing (the "Petition") on September 18, 2014. In response, NMFS made an affirmative ninety-day finding that listing the Gulf of Mexico Bryde's whale pursuant to the ESA may be warranted. Nonetheless, more than a year has elapsed since NRDC filed the Petition, and Defendants have not yet issued a 12-month finding. Defendants' inaction thwarts a collective commitment— manifest in the ESA itself—to our country's most imperiled species and risks the irretrievable loss of the Gulf of Mexico Bryde's whale from the wild forever.

2.      The Bryde's whale is a species of baleen whale found in warm waters of the Atlantic, Pacific, and Indian Oceans. A small, resident population exists in the Gulf of Mexico and is the only baleen whale known to be resident to the Gulf. The population is perilously small. Recent abundance estimates put its numbers at fewer than 50 individual animals, and it is severely restricted in range, being found only in the northeastern Gulf waters of the DeSoto Canyon.

3.      Unfortunately, the population faces a suite of potential threats in the Gulf's industrialized waters. These include mortality and serious injury from vessel collision, acoustic impacts from intensive oil and gas exploration and commercial shipping, bioaccumulation of persistent organic pollutants, and the long-term effects of the *Deepwater Horizon* spill. These threats—which are already profound—may intensify further with increased shipping traffic and the activities associated with additional oil and gas leasing (*e.g.*, seismic exploration and oil and gas production) in the northern Gulf.

4.      Defendants must fulfill their obligations under the law and determine whether listing the Gulf of Mexico Bryde's whale as endangered is warranted under the ESA. 16 U.S.C. § 1533(b)(3)(B). And if so, Defendants must promptly issue a proposed rule listing the species. 16 U.S.C. § 1533(b)(3)(B)(ii).

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 16 U.S.C. § 1540(c) and (g) (action arising under ESA citizen suit provision), 5 U.S.C. § 702 (judicial review of agency action), and 28 U.S.C. § 1331 (federal question jurisdiction).

6.      The relief requested may be granted under 28 U.S.C. §§ 2201 and 2202 (declaratory and injunctive relief), 16 U.S.C. § 1540(g) (ESA), and 5 U.S.C. §§ 701-706 (Administrative Procedure Act or "APA").

7.      Pursuant to Section 11(g)(2)(C) of the ESA, 16 U.S.C. § 1540(g)(2)(C), NRDC provided the Secretary of Commerce and all named defendants with written notice of NRDC's intent to file this suit more than sixty days prior to the commencement of this action.

8.       Defendants have not corrected their violations of the law in response to NRDC's written notice.

9.      Venue is proper in the United States District Court for the District of Columbia pursuant to 16 U.S.C. § 1540(g)(3)(A) and 28 U.S.C. § 1391(e)(1) because a substantial part of the events giving rise to NRDC's claims occurred in this district. Specifically, the Department of Commerce is headquartered in Washington, D.C., and some of the officials responsible for responding to the petition are located there. Plaintiff NRDC also has an office in Washington, D.C.

PARTIES

10.     Plaintiff NRDC is a not-for-profit membership corporation founded in 1970 and organized under the laws of the State of New York. NRDC maintains offices in New York, New York; Washington, D.C.; San Francisco and Santa Monica, California; Chicago, Illinois; Bozeman, Montana; and Beijing, China. NRDC has more than 290,000 members nationwide. NRDC's purposes include the preservation, protection, and defense of our nation's biodiversity and environment. NRDC has long been active in efforts to protect endangered species generally and whales specifically.

11.     NRDC members regularly observe, visit, study, work to protect, and delight in the presence of whales in the wild, including the Gulf of Mexico Bryde's whale. NRDC members intend to continue doing so in the future. NRDC members derive scientific, educational, recreational, conservation, aesthetic, and other benefits from the existence of Gulf of Mexico Bryde's whales in the wild. These interests have been, are, and will be directly, adversely, and irreparably affected by Defendants' violation of the law. NRDC members will continue to be prejudiced by Defendants' unlawful actions until and unless this Court provides the relief prayed for in this Complaint.

12.     Defendant Penny Pritzker is sued in her official capacity as the Secretary of Commerce. The Secretary of Commerce ("Secretary") is the federal official responsible for complying with the statutory requirements of the ESA for some aquatic species, including listing decisions for species such as the Gulf of Mexico Bryde's whale.

13.     Defendant Eileen Sobeck is sued in her official capacity as Assistant Administrator for Fisheries. Generally, as Assistant Administrator, and through delegation of authority from the Secretary, Ms. Sobeck is the National Marine Fisheries Service official

responsible for complying with and implementing the ESA for marine and anadromous species, including listing decisions for species such as the Gulf of Mexico Bryde's whale.

14.     Defendant United States Department of Commerce is an agency of the United States Government and includes Defendant National Marine Fisheries Service. Among other functions, the Department of Commerce is responsible for the administration of the ESA as it relates to most marine and anadromous species and is legally responsible for listing decisions for species such as the Gulf of Mexico Bryde's whale.

15.     Defendant National Marine Fisheries Service is an agency of the United States government, within and under the jurisdiction of the Department of Commerce. Through delegation of authority from the Secretary, the National Marine Fisheries Service administers and implements the ESA as it relates to most marine and anadromous species and is legally responsible for listing decisions for species such as the Gulf of Mexico Bryde's whale.

LEGAL BACKGROUND

16.     The ESA is a federal statute enacted to conserve species in danger of extinction and the ecosystems upon which they depend. 16 U.S.C. § 1531(b). The ESA is "the most comprehensive legislation for the preservation of endangered species ever enacted by any nation." *Tennessee Valley Authority v. Hill*, 437 U.S. 153, 180 (1978). The Supreme Court's review of the ESA's "language, history, and structure" convinced the Court "beyond doubt that Congress intended endangered species to be afforded the highest of priorities." *Id.* at 174. As the Court found, "[t]he plain intent of Congress in enacting this statute was to halt and reverse the trend toward species extinction, whatever the cost." *Id.* at 184.

17.     One of the purposes of the ESA is "to provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved, [and] to

provide a program for the conservation of such endangered species and threatened species . . . ."
16 U.S.C. § 1531(b). To this end, Section 4 of the ESA requires that the Secretary protect such
species by listing them as either "threatened" or "endangered." An endangered species is a
species "in danger of extinction throughout all or a significant portion of its range." 16 U.S.C.
§ 1532(6). A threatened species is a species "likely to become an endangered species within the
foreseeable future throughout all or a significant portion of its range." 16 U.S.C. § 1532(20).

18.     A species receives mandatory substantive protections under the ESA only when it
is listed as endangered or threatened.

19.     Any interested person can begin the listing process by filing a petition to list a
species with the Secretary. 16 U.S.C. § 1533(b)(3)(A); 50 C.F.R. § 424.14(a).

20.     Upon receipt of a petition to list a species, Defendants have ninety days, to the
maximum extent practicable, to make a finding as to whether the petition "presents substantial
scientific or commercial information indicating that the petitioned action may be warranted." 16
U.S.C. § 1533(b)(3)(A); 50 C.F.R. § 424.14(b)(1).

21.     If Defendants make a positive ninety-day finding, they must promptly publish it
in the Federal Register and commence a "status review" of the species. 16 U.S.C.
§ 1533(b)(3)(A).

22.     After issuing a positive ninety-day finding, Defendants have twelve months from
the date that they received the petition to make one of three findings: (1) the petitioned action is
not warranted; (2) the petitioned action is warranted; or (3) the petitioned action is warranted but
presently precluded by work on other pending proposals for listing species of higher priority. 16
U.S.C. § 1533(b)(3)(B); 50 C.F.R. § 424.14(b)(3).

23.     If Defendants find that listing the species as endangered or threatened is warranted, they must publish a proposed regulation to implement that determination in the Federal Register. 16 U.S.C. § 1533(b)(3)(B)(ii); 16 U.S.C. § 1533(b)(5).

24.     Within one year of the publication of a proposed regulation to implement that determination, Defendants must make a final decision on the proposal. 16 U.S.C. § 1533(b)(6)(A).

## FACTUAL BACKGROUND

25.     The population of Bryde's whale residing in the Gulf of Mexico is very small, with recent estimates putting its number at fewer than 50 individual animals. While Byrde's whales are found in warm waters of the Atlantic, Pacific, and Indian Oceans, the population residing in the Gulf of Mexico is severely restricted in range, being found only in the northeastern Gulf waters of the DeSoto Canyon.

26.     A 2014 study conducted by scientists with the NMFS's Southeast Fisheries Science Center evaluated the genetic diversity and phylogenetic distinctiveness of this population to determine its relationship to other Bryde's whales worldwide. The study found that the Gulf of Mexico Bryde's whale population has little genetic diversity, suggesting a history of isolation, and that the population is evolutionarily distinct from all other Bryde's whales examined, to date, to at least the subspecies and possibly the species, level. If the small Gulf population—which is also morphologically and behaviorally distinct from other Bryde's whales does indeed constitute a separate species, it would be, without question, one of the most endangered species of whale on the planet.

27.     This small, resident population is threatened by the industrialization of the Gulf's waters. The population faces mortality and serious injury from vessel collision, acoustic impacts

from intensive oil and gas exploration and commercial shipping, bioaccumulation of persistent organic pollutants, and the long-term effects of the *Deepwater Horizon* spill. There is no indication that these threats will subside in the future and they may intensify further as additional oil and gas leasing and increased shipping traffic are probable in the northern Gulf.

28.     The Gulf of Mexico Bryde's whale, the region's only resident baleen whale, is small, discrete, and as evolutionarily distinct as other recognized subspecies within its complex. Given the risks inherent to small populations and the potential cumulative effects of the threats noted above, the Gulf of Mexico Bryde's whale is especially vulnerable to extinction.

29.     On September 18, 2014, NRDC submitted the Petition to list the Gulf of Mexico Bryde's whale as an endangered species pursuant to the ESA to the Secretary of Commerce and the National Marine Fisheries Service. The Petition outlined the threats to the species, including those threats described above.

30.     On April 6, 2015, NMFS announced an affirmative ninety-day finding on the Petition, concluding that listing the Gulf of Mexico Bryde's whale pursuant to the ESA may be warranted.

31.     As of the date of this filing, Defendants have not made a twelve-month finding or made any final decision on the Petition.

32.     On February 2, 2016, NRDC sent Defendants a sixty-day notice indicating its intent to file suit if Defendants failed to make a twelve-month finding on the Petition to list the Gulf of Mexico Bryde's whale as an endangered species within the next sixty days.

33.     Defendants have not remedied the legal violations described in the notice letter.

CLAIM FOR RELIEF
(Violation of ESA and/or APA)

34.     Each and every allegation set forth in the preceding paragraphs is incorporated herein by reference.

35.     Defendants' failure to make a twelve-month finding on the Petition to list the Gulf of Mexico Bryde's whale as an endangered species within a year of receiving the petition and after making a ninety-day finding that such action may be warranted is a violation of the ESA and its implementing regulations. 16 U.S.C. § 1533(b)(3)(B). Defendants' failure to perform this mandatory, non-discretionary duty also constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1). Additionally, and/or in the alternative, Defendants' failure to comply with this provision is arbitrary and capricious, an abuse of discretion, not in accordance with law and a failure to observe proper procedure under the APA, 5 U.S.C. § 706(2).

PRAYER FOR RELIEF

WHEREFORE, NRDC respectfully requests that the Court enter judgment providing for the following relief:

1.      Declare that Defendants violated the ESA and the APA by failing to comply with the non-discretionary duty under the ESA Section 4(b)(3)(B), 16 U.S.C. § 1533(b)(3)(B), to make a twelve-month finding on the Petition to list the Gulf of Mexico Bryde's whale as an endangered species within a year of receiving NRDC's petition and after making a ninety-day finding that such action may be warranted;

2.      Order Defendants to make a twelve-month finding on the Petition to list the Gulf of Mexico Bryde's whale as an endangered species by a date certain;

3.      Grant NRDC fees, costs, expenses and disbursements, including reasonable

attorneys' fees; and

4.      Grant NRDC such additional and further relief as the Court deems just and

proper.


Respectfully submitted this 5th day of May, 2016.


/s/ Jared Jones Thompson
Jared Jones Thompson (DC Bar No. 1004120)
Natural Resources Defense Council
1152 15th Street NW Suite 300
Washington, DC 20005
202-513-6249
jared.thompson@nrdc.org

Stephen Zak Smith (CA Bar No. 228913), *pro hac vice
pending*
Natural Resources Defense Council
1314 Second Street
Santa Monica, CA 90401
310-434-2300
zsmith@nrdc.org

Rebecca J. Riley (IL Bar No. 6284356), *pro hac vice
pending*
Natural Resources Defense Council
20 N Wacker Drive, Suite 1600
Chicago, IL 60606
312-651-7913
rriley@nrdc.org

Counsel for Plaintiff
NATURAL RESOURCES DEFENSE COUNCIL, INC