UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>EILEEN SOBECK, *et al.*,<br><br>Defendants. | CASE NO.  1:16-cv-00851-KBJ |

## STIPULATED SETTLEMENT AGREEMENT AND ORDER

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiff Natural Resources Defense Council, Inc. ("Plaintiff") and Defendants United States Department of Commerce; Penny Pritzker, in her official capacity as Secretary of Commerce; the National Marine Fisheries Service ("NMFS"); and Eileen Sobeck, in her official capacity as Assistant Administrator for Fisheries at NMFS, (collectively "Defendants"), who, by and through their undersigned counsel, state as follows:

WHEREAS on April 6, 2015, NMFS published a 90-day finding on Plaintiff's September 18, 2014 petition to list the Gulf of Mexico Bryde's whale as an endangered distinct population segment ("DPS") under the Endangered Species Act ("ESA"). 80 Fed. Reg. 18343-01 (April 6, 2015). NMFS' 90-day finding concluded that Plaintiff's petition presents substantial scientific or commercial information indicating that listing may be warranted, and initiated a status review of this species to determine if listing is warranted. *Id.*;

WHEREAS NMFS has not issued a 12-month finding on Plaintiff's petition;

1

WHEREAS on February 2, 2016, Plaintiff informed Defendants of its intent to file suit if NMFS did not issue a 12-month finding on Plaintiff's petition within sixty days;

WHEREAS on May 5, 2016, Plaintiff filed its Complaint initiating the above-captioned action to compel NMFS to issue a 12-month finding pursuant to 16 U.S.C. § 1533(b)(3)(B);

WHEREAS Plaintiff alleges Defendants have violated their duty to meet the ESA deadline to make a 12-month finding in response to Plaintiff's petition;

WHEREAS the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiff's claims, have negotiated a settlement that they consider to be in the public interest and a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's complaint;

WHEREAS the Parties desire to compromise and settle Plaintiff's claim according to the terms set forth below, and thus agree hereto to the entry of this Settlement Agreement:

1. No later than December 1, 2016, NMFS shall submit to the *Federal Register* for publication a 12-month finding as to whether the listing of the Gulf of Mexico Bryde's whale DPS as a threatened or endangered species is (a) not warranted; (b) warranted; or (c) warranted but precluded by other pending proposals, pursuant to 16 U.S.C. § 1533(b)(3)(B).

2. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline specified in Paragraph 1, or in the event of a

dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim or modification. The parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves, either party may seek relief from the Court. In the event that Defendants fail to meet the deadline in Paragraph 1 and have not sought to modify it, Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

3.  No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Defendants by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination. To challenge any determination issued pursuant to Paragraph 1, Plaintiff must file a separate action. Defendants reserve the right to raise any applicable claims or defenses to such challenges.

4.  Defendants agree that Plaintiff is entitled to an award of reasonable attorneys' fees and costs, pursuant to Section 11(g) of the ESA, 16 U.S.C. § 1540(g). As such, Defendants agree to pay Plaintiff $8,750.00 in settlement of the attorneys' fees and costs in

this matter. Plaintiff agrees to accept this amount in full satisfaction of any and all claims, demands, rights, and causes of action for attorneys' fees and costs incurred in connection with the above captioned litigation pursuant to the ESA, 16 U.S.C. § 1540(g), and/or any other statute and/or common law theory, through and including the date of this agreement. Plaintiff agrees that receipt of this payment from Defendants shall operate as a release of Plaintiff's claims for attorneys' fees and costs in this matter, through and including the date of this agreement.

5.     Plaintiff agrees to furnish Defendants with the information necessary to effectuate this payment. Defendants agree to submit all necessary paperwork for the processing of the attorneys' fees award to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) days of the receipt of the necessary information from Plaintiff or the approval of this Agreement by the Court, whichever is later. Plaintiff's attorneys agree to send confirmation of the receipt of the payment to counsel for Defendants within fourteen (14) days of such payment.

6.     Plaintiff reserves the right to seek additional fees and costs incurred subsequent to this Agreement arising from a need to enforce or defend against efforts to modify the deadline in Paragraph 1, or for any other unforeseen continuation of this action. . Defendants reserve the right to contest fees claimed by Plaintiff or Plaintiff's counsel, including hourly rates and the number of hours billed, in any future litigation. Further, this Agreement as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

7.     Nothing in this Agreement shall be construed or offered as evidence in any

proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. Except as expressly provided in this Agreement, none of the parties waives or relinquishes any legal rights, claims or defenses it may have. This Agreement is executed for the purpose of settling Plaintiff's Complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

8. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

9. The parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims that were disputed by the parties. By entering into this Agreement, the parties do not waive any claim or defense except as expressly stated herein. The Agreement contains all of the agreement between the parties, and is intended to be the final and sole agreement between the parties. The parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

10. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

11. The terms of this Agreement shall become effective upon entry of an Order by the Court ratifying the Agreement.

12. Upon adoption of this Agreement by the Court, all counts of Plaintiff's

Complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Respectfully submitted this 26th day of September, 2016.

>JOHN C. CRUDEN,
>Assistant Attorney General
>United States Department of Justice
>Environment & Natural Resources Division
>SETH M. BARSKY, Chief
>MEREDITH L. FLAX, Assistant Chief
>
>      */s/ Mele Coleman*
>MELE COLEMAN, Trial Attorney
>Wildlife & Marine Resources Section
>P.O. Box 7611, Ben Franklin Station
>Washington, DC 20044-7611
>(202) 305-0229 (phone)
>Mele.Coleman@usdoj.gov
>
>*Attorneys for Defendants*
>
>
>*/s/ Stephen Zak Smith (by permission to M. Coleman)*
>Stephen Zak Smith (CA Bar No. 228913)
>Natural Resources Defense Council
>1314 Second Street
>Santa Monica, CA 90401
>310-434-2300
>zsmith@nrdc.org
>
>*Attorney for Plaintiff*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED this 27th day of September, 2016.

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge